**XUNSE HAN, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

**No. 14-73636**

United States Court of Appeals, Ninth Circuit.

Submitted September 26, 2017 *

Filed October 2, 2017

Maria Christina Flores, Attorney, Law Office of Maria Christina Flores, San Gabriel, CA, for Petitioner

Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, OIL, Kevin James Conway, Esquire, Attorney, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent

Before: SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

### MEMORANDUM **

Xunse Han, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and relief under the Convention Against Tor-

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

ture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the inconsistency between Han's testimony, declaration, and statements made during her asylum interview as to how many home church gatherings she attended in China, and her internally inconsistent testimony as to the length of her interrogation in detention. *See id.* at 1048 (adverse credibility finding reasonable under the totality of the circumstances).

In the absence of credible testimony, in this case, Han's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Han's CAT claim also fails because it is based on the same testimony the agency found not credible, and Han does not point to any other evidence in the record that compels the conclusion that it is more likely than not she would be tortured by or with the consent or acquiescence of a public official in China. *See id.* at 1156-57.

Finally, the BIA did not abuse its discretion in declining to remand in light of the evidence Han submitted on appeal. *See* 8 C.F.R. § 1003.2(c)(1); *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1062 (9th Cir. 2008) ("The BIA abuses its discretion if its decision is arbitrary, irrational, or contrary

---

to law." (internal citation and quotation marks omitted)).

**PETITION FOR REVIEW DENIED.**